Luis **MONDRAGON–HERNANDEZ,**
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 97–71220.

INS No. A70–347–331.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2001 *.

Decided May 2, 2001.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before NOONAN, MCKEOWN, and WARDLAW Circuit Judges.

## MEMORANDUM **

Luis Mondragon–Hernandez ("Mondragon–Hernandez"), a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for asylum and withholding of deportation. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction under § 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), and we deny the petition for review.

■ 1. Substantial evidence supports the Board's finding that Mondragon–Hernandez was neither persecuted, nor has the requisite fear of persecution, on ac-

count of his actual political opinion. Mondragon–Hernandez contends that the N–19 guerrillas attempted to recruit him, and that he, an opponent of their violence, fled in fear of their reprisal. The only evidence in the record of Mondragon–Hernandez's actual opinion are his statements that (1) he does not "like parties like [the N–19]" and never considered joining them and (2) he does not agree with the N–19 as a political group. However, there is no evidence that the N–19 was aware of an actual political opinion held by Mondragon–Hernandez or that it targeted Mondragon–Hernandez on account of his political opinion. That Mondragon–Hernandez resisted or refused to assist the guerrillas does not alone provide sufficient evidence of a political opinion. *INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ 2. Although the BIA did not directly address whether Mondragon–Hernandez might be eligible for asylum based on imputed political opinion, substantial evidence also supports the finding that Mondragon–Hernandez was not eligible for asylum based on this ground. *See Hernandez–Ortiz v. INS*, 777 F.2d 509, 517 (9th Cir.1985) (holding that persecution of an individual to whom the persecutor imputes a political opinion is nonetheless persecution). Mondragon–Hernandez failed to show that either of his two brothers who served in the military had a political opinion or that the guerrillas thought either of his brothers had a political opinion because of their military service. See *Del Valle v. INS*, 776 F.2d 1407, 1411 (9th Cir.1985) (holding that for the petitioner to prove persecution based on her husband's political opinion, she must first prove her husband had a political opinion or the persecutors believed he had a political opinion).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Even if the guerrillas believed that two of Mondragon–Hernandez's brothers had a pro-government opinion because they served in the military, Mondragon–Hernandez failed to prove that the guerrillas imputed this political view to him. *See Navas v. INS*, 217 F.3d 646, 658 n. 18 (9th Cir.2000) (Although persecution of an applicant's family members is highly probative in determining asylum eligibility on the basis of imputed political opinion, the evidence must show the persecutors imputed a political opinion to the applicant himself). Mondragon–Hernandez made no showing that the threatening letter he received from the N–19 contained any statements referring to his brothers or their service in the military. Thus, there is little to indicate that the N–19 saw him as one of three sons, all of whom were willing to serve the government in the military and were political opponents of the guerrillas. Although the N–19 assaulted one of Mondragon–Hernandez's brothers, there is no evidence that the N–19 threatened or attempted any retaliation against Mondragon–Hernandez's other brother, who served in the military, or against any other family members. His parents and six brothers and sisters remain in Colombia and have not incurred any trouble with the N–19 since Mondragon–Hernandez left the country. *See Rodriguez–Rivera v. INS*, 848 F.2d 998, 1005 (9th Cir.1988) (determining it is relevant in assessing asylum requests that an alien's family members continue to live undisturbed in the country of origin). Therefore, Mondragon–Hernandez has not shown that the threats against him were motivated by an imputed political opinion.

██ The BIA, like any other administrative agency, is entitled to have its decisions upheld when the decision is supported by substantial evidence "on the record as a whole." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Ghebllawi v.*

*INS*, 28 F.3d 83, 85 (9th Cir.1994) (holding that the BIA's "findings are subject to the same kind of judicial scrutiny, respectful and responsible, [as] the product of any other agency"). Here, Mondragon–Hernandez failed to show that the alleged persecutors attributed an actual or imputed political opinion to him. Thus, to the extent the BIA determined that Mondragon–Hernandez was not eligible for asylum based on imputed political opinion, its decision was supported by substantial evidence.

3. Mondragon–Hernandez does not challenge the Board's finding that he failed to establish past persecution and a well-founded fear of persecution based on social group membership. (A.R.003–004) Thus, these issues are waived. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (finding that petitioner has waived an issue by failing to address it in his opening brief).

██ 4. To qualify for withholding, an alien must demonstrate "a clear probability of persecution." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995)). The record compels the conclusion that Mondragon–Hernandez has not met the clear probability standard of eligibility required for withholding of deportation because he failed to demonstrate a well-founded fear of persecution required for a grant of asylum. *See Fisher*, 79 F.3d at 960 (An alien's failure "to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well"). Thus, Mondragon–Hernandez is ineligible for withholding of deportation.

The petition for review is DENIED.